IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE K. PRATHER | § | |
| v. | § | CIVIL ACTION NO. 9:06cv116 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jesse Prather, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Prather said that he was charged with a number of disciplinary offenses, apparently for refusing to work.  The Magistrate Judge noted that the responses to the grievances which Prather furnished indicated that he had a hand injury and was scheduled for X-rays, but that he remained cleared to work.

As punishment for the disciplinary cases, Prather said that he received 45 days of commissary and cell restriction, four days of solitary confinement, reduction in classification status, and the loss of 345 days of good time.  Prather said that he was eligible for mandatory supervision but conceded that he was serving a life sentence; the Magistrate Judge observed that under Texas law, inmates serving life sentences are not eligible for mandatory supervision release regardless of the nature of the underlying offense.

The Magistrate Judge discussed the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995).  In that case, the Supreme Court said that a prisoner who received a disciplinary case and was sentenced to 30 days of disciplinary segregation did not show that he had been deprived of a constitutionally protected liberty interest,  In so holding, the Supreme Court said that the operative interest involved was not the language of the prison regulations, but rather the nature of the deprivation.  The Court explained that States may, under some circumstances, create liberty interests which are protected by the Due Process Clause, but that these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose atypical and significant hardships upon the inmate in relation to the ordinary incidents of prison life.

Turning to Prather's case, the Magistrate Judge stated that the imposed punishments of 45 days of cell and commissary restrictions, four days of solitary confinement, and reduction in classification status did not impose atypical or significant hardships upon Prather in relation to the ordinary incidents of prison life.  *See* Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Prather also lost 345 days of good time.  The Magistrate Judge properly recognized that the loss of good time could, under certain conditions, inflict an atypical and significant hardship upon an inmate.  These conditions exist when the inmate is eligible for release on mandatory supervision. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In the present case, however, the Magistrate Judge stated that Prather was serving a life sentence and thus not eligible for release on mandatory supervision.  Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002); Ex Parte Franks, 71 S.W.3d 327, 329 (Tex.Crim.App. 2001).  Because the loss of good time thus affects only Prather's possible release on parole, the Magistrate Judge concluded that no liberty interest was affected because there is no constitutional right to parole in the State of Texas.  Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991).

2

Finally, the Magistrate Judge stated that the timing of Prather's release, in the absence of eligibility for mandatory supervision, was too speculative to afford him a constitutionally protected liberty interest.  Malchi, 211 F.3d at 959.  Because Prather did not show the deprivation of a constitutionally protected liberty interest, the Magistrate Judge recommended that his petition for the writ of habeas corpus be denied.

Prather filed objections to the Magistrate Judge's Report on June 22, 2006.  In his objections, Prather first says that he has been subjected to cruel and unusual punishment because of the medical care received.  Such claims fall within the ambit of a Section 1983 lawsuit, rather than an application for the writ of habeas corpus.  Cook v. Hanberry, 596 F.2d 658, 660 n.1 (5th Cir. 1979); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983).  The present proceeding concerns the validity of the disciplinary charges, which is properly brought as a habeas corpus proceeding, and does not incorporate claims which more properly fit under Section 1983.

Next, Prather argues that he was denied due process in the disciplinary proceeding, and that the hearing officer's actions violated his constitutional rights, thus creating a protected liberty interest.  This argument is circular.  The proper analysis, as set out by the Supreme Court in Sandin, focuses on the nature of the deprivations.  In this case, the Magistrate Judge concluded that the nature of the deprivations imposed upon Prather were not sufficient to show that he had a liberty interest protected by its own force under the Due Process Clause, nor did these deprivations impose an atypical and significant hardship in relation to the ordinary incidents of prison life.  Consequently, the Magistrate Judge determined that Prather had not shown the violation of any protected liberty interests.

Prather argues that the question of whether or not he is eligible for release on mandatory supervision is "totally irrelevant."  He says that no Fifth Circuit case has addressed the question of whether prisoners have a constitutional interest in accrued good time credits, but then cites cases saying, as did the Magistrate Judge, that only sanctions resulting in the loss of good time credits for prisoners eligible for mandatory supervision release would impose upon a protected liberty interest.

Having said this, Prather acknowledges that the State has never released inmates with life sentences to mandatory supervision, but points out that in <u>Allison v. Kyle</u>, 66 F.3d 71, 73 (5th Cir. 1995), the State released a Texas prisoner serving a life sentence after only serving 13 years. However, this release was to parole, not mandatory supervision. <u>Allison</u>, 66 F.3d at 74. Prather also contends that in <u>Arnold</u> and <u>Franks</u>, the inmates were ineligible for mandatory supervision because they were serving aggravated sentences, which he is not; he therefore contends that he is eligible for mandatory supervision release regardless of the fact that he is serving a life sentence. He attaches a copy of a TDCJ time sheet, which contains the phrase "TDC Calc. Date 6/20," which Prather interprets to mean that he is eligible for mandatory supervision release; however, this time sheet does not specifically indicate whether or not he is actually eligible for such release.

Prather's interpretation of <u>Arnold</u> and <u>Franks</u> is in error. The reason that Arnold and Franks were not eligible for release mandatory supervision had nothing to do with whether or not their sentences were aggravated. In <u>Franks</u>, the Texas Court of Criminal Appeals explained that the language of the statute calls for release on mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced. However, the Court said, it is mathematically impossible to determine a mandatory supervision release date on a life-sentenced inmate because the calendar time served plus the accrued good conduct time will never add to "life." This situation applies to all inmates serving life sentences, including those with non-aggravated ones. Prather's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It should be noted that the dismissal of this petition is without prejudice to any Section 1983 lawsuits which Prather may bring regarding allegations of cruel or unusual punishment during his confinement in the prison.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **26** day of **July, 2006.**

_____
Ron Clark, United States District Judge